Paul A. Clark, Esq.
Counsel for Plaintiffs
10 Huron Ave, Suite 1N
Jersey City, NJ 07306
(202) 368-5435   fax (201) 336-9105
Pclark@pclarklegal.com

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

------------------------------------------------------- x
Surender Malhan,                                        :
                                                        :
                       Plaintiffs,                      :   Case No: 2:16-CV-8495
                                                        :
            v.                                          :
                                                        :
Gurbir Grewel, et al                                    :
                                                        :
                       Defendants.                      :
                                                        :
------------------------------------------------------- x

**Discovery Schedule (DRAFT)**

**The parties having conferred on a discovery schedule pursuant to FRCP 26; Plaintiff Surender Malhan, represented by Paul Clark, Clark Legal Service, and Defendants Gurbir Grewal, DCPP, et al, represented by Christopher Riggs, Deputy Attorney General, the parties submit this joint proposed discovery order.**

**THIS MATTER** having come before the Court for a scheduling conference pursuant to Fed. R. Civ. P. 16 on _____; and for good cause shown,

**IT IS on this _____ day of _____, 20___,**

**I. DISCOVERY AND MOTION PRACTICE**
1. **Fact Discovery Deadline**. Fact discovery is to remain open through **12/31/20**. All fact witness depositions must be completed by the close of fact discovery. No discovery is to be issued or engaged in beyond that date, except upon application and for good cause shown.

2. **Motions to Add New Parties**. Any motion to add new parties, whether by amended or third-party complaint, must be returnable no later than **6/1/20**.

3. **Motions to Amend Pleadings**. Any motion to amend pleadings must be returnable no later than **6/1/20, with the exception that the parties have agreed that Malhan may file an amended Complaint by 12/31/19**

4. **Rule 26 Disclosures**. Unless they have already done so, the parties shall exchange disclosures as required pursuant to Fed. R. Civ. P. 26 no later than **1/20/20**.

5. **Interrogatories**. The parties may serve interrogatories limited to **twenty-five (25)** single questions, including subparts and requests for production of documents, on or before **3/01/20**, which shall be responded to in thirty days of service

6. **Document Requests:** The parties may serve document requests on or before **3/01/20**, which shall be responded to in thirty days of service.

7. **Depositions**. The number of depositions to be taken by each side shall not exceed ten **(10)**. No objections to questions posed at depositions shall be made other than as to lack of foundation, form, or privilege. *See* Fed. R. Civ. P. 32(d)(3)(A).

8. **Electronic Discovery**. The parties are directed to Fed. R. Civ. P. 26(f), as amended December 1, 2006, which, among other things, addresses preservation of discoverable information, discovery of electronically stored information, and claims of privilege or work product protection. The parties are also directed to L. Civ. R. 26.1(d) which, among other things, describes the obligations of counsel with regard to their clients' information management systems.

9. **Discovery Disputes**. No discovery motion or motion for sanctions for failure to provide discovery shall be made without prior leave of Court. Counsel shall confer in good faith and attempt to informally resolve any discovery disputes before seeking the Court's intervention. Should such informal efforts fail, the aggrieved party shall bring the dispute to the Court's attention in the first instance by a brief letter, not to exceed 5 pages, outlining the dispute. The other party will then be permitted to submit a brief opposition letter, not to exceed 5 pages. Thereafter, the Court will schedule a telephonic discovery conference pursuant to Fed. R. Civ. P. 26(f) to resolve the dispute. *See* L. Civ. R. 16.1(f).

10. **Dispositive Motion Practice**. Prior to filing, parties shall submit a joint letter and proposed consent order setting forth the briefing schedule for any dispositive motions. All calendar or dispositive motions, if permitted, shall comply with L. Civ. R. 7.1(b), Appendix N, and L. Civ. R. 78.1

**II. EXPERTS**
11. **Affirmative Expert Reports**. All affirmative expert reports shall be delivered by **January 2, 2021.**

12. **Responding Expert Reports**. All responding expert reports shall be delivered by **April 30, 2021.   Depositions of all experts to be completed by June 1, 2021**

13. **Form and Content of Expert Reports**. All expert reports must comport with the form and content requirements set forth in Fed. R. Civ. P. 26(a)(2)(B). No expert shall testify at trial as to any opinions or base those opinions on facts not substantially disclosed in the expert's report.


### III. MISCELLANEOUS

14. **Extensions and Adjournments**. All requests for adjournments of court dates or other deadlines, whether established in this Pretrial Scheduling Order or any subsequent orders of the Court, shall be submitted to the Court in writing via ECF.

15. Courtesy Copies of letters on motion papers are not necessary.

16. **Protective Orders**. Any proposed confidentiality order agreed to by the parties must strictly comply with Fed.R.Civ.P. 26(c) and Local Civil Rule 5.3.


17. **Local Rules:** Attorney's and/or parties are hereby directed to the Local Rules of Civil Procedure for any other procedural question not specifically addressed in this scheduling order.