UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

SURENDER MALHAN, for himself
and as parent of E.M. and V.M.,          Hon. Claire C. Cecchi, U.S.D.J.
                                          Hon. Mark Falk, U.S.M.J.
        Plaintiff,

    v.
                                          Civil Action No.
REX W. TILLERSON, et al                   2:16-cv-08495

Defendants.                               FILED ELECTRONICALLY

**Plaintiff's Memo of Law in Opposition to Motion to Seal**

Please accept this informal Memo in place of a more formal brief.

Preliminary Statement

Plaintiffs' request "an Order: (1) sealing Plaintiffs' filing in opposition to Defendants' Motion to Quash Plaintiffs' subpoena … and (2) prohibiting Plaintiffs from including the home address of any judge or former judge in any public filing."  As to number one, Plaintiffs support the right of the public to access court information and this issue of Defendants trying to conceal their retaliation against Malhan is a matter of public interest, and the facts surrounding the State's to quash (including the fact that Judge Katz's residence is information available in the public domain) is also a matter of public interest.  That said, whether the opposition is sealed or not has little impact on Plaintiffs as such.

The second demand "(2) prohibiting Plaintiffs from including the home address of any judge or former judge in any public filing" is ludicrously large and

1

in fact appears to be an unconstitutional "prior restraint." Plaintiffs cite no case where any court has ordered such a prior restraint. Plaintiffs do not even have any argument to support this, they merely assert in passing on the bottom of page 12 that this should be the case. Obviously, in advance there is no way to know what fact may be necessary to include in future filing, but to show how ludicrous this proposal is it would be prohibited to mention in a public filing that Chief Justice John Marshall once resided at 818 East Marshall Street in Richmond, now a National Historic Landmark; or that Chief Justice John Jay once resided at 400 Jay St., Katonah, NY (a State Historic Site).

Finally, Defendants' filing contains numerous false assertions that Plaintiffs need to contest.

## FACTS

Plaintiff's Memo contains a variety of false allegations and insinuations that need to be corrected. Here are the true facts all of which can be established beyond dispute by admissions made by the Attorney General and his agents, are subject to judicial notice. Some of what follows was explained in ECF # 99 but as Defendants have filed a formal motion it is appropriate to provide a more formal response.

The instant suit was filed in November 2016. ECF # 1. Malhan raised several related issues but the gravamen of the complaint was that New Jersey was

seizing his property, taking away his passport and threatening to put him in jail for an alleged debt he did not owe and has never been permitted to contest.  See Gen ECF # 1.

In December 2016 Malhan served the Attorney General of New Jersey (ECF #3) and on December 22, 2016 asked that the AG Office either accept service or waive service for other State Agencies or Agency heads.  See Ex 1 attached to Clark Cert ("I was hoping once AG was served you could accept or waive service on behalf of other state defendants.")  Deputy Attorney General Francesco Ferrantelli Jr. emailed Clark:

> Waiving service for the other defendants shouldn't be a problem. I'm representing all of the state defendants and I wouldn't make your office incur those costs unnecessarily. I just don't want to waive the other defendants until I have the AG summons, because the AG summons is what will determine the answer due date. I would have waived for all defendants, including the AG, but due to the bureaucratic machinations here the case didn't hit my desk until around the same time you emailed me to tell me you mailed out the summons.

Ex 1 (this is admissible as a party admission).

However, Mr. Ferrantelli later emailed Clark:

> Our office unfortunately can't accept service on behalf of the other defendants, you need to serve them individually because you named individual officials.  I checked with my boss and that's our policy.  And since we can't accept it for them, we can't waive it either.  I'm sorry about that.   I know I said earlier that I would try to do this, and I did, but I was overruled.

Ex 1 (this is admissible as a party admission).

Needless to say, Mr. Ferrantelli was apparently trying to do the descent thing and not "make your office incur those costs unnecessarily" but his boss would not permit it—they preferred to continue their "bureaucratic machinations."

The Complaint was dismissed but appealed then remanded and came back to the district court. Malhan amended his complaint (this was the second amended complaint as Malhan amended in December 2016 (ECF # 5)) on December 20, 2019 after remand. ECF # 62. The Amended Complaint added a number of new defendants in light of recent events and the Third Circuit Decision, including a count for retaliation against New Jersey officials. ECF # 62. One of the new defendants was Judge Katz. See ECF # 69, summons issued for new defendants David Katz, Donald Kessler and Larry Ashbridge.

Clark tried again to get the Attorney General to accept service or sign a waiver of service for new Defendants who would clearly be represented by the AG emailing Deputy AG in January 2020:

> To Patrick Jhoo <patrick.jhoo@law.njoag.gov> • Christopher Riggs <christopher.riggs@law.njoag.gov>
> On January 15, 2020 at 4:43 PM Paul Clark <pclark@pclarklegal.com> wrote:
> Please let me know if AG can accept service/waiver of service for new Defendants.
> Summons and Waiver forms are attached.

A true and correct copy of this email chain is attached as Exh 2.

There was no response for some time. In the meantime there was an important Order from this Court per Judge Wigenton in another related case, 2:18-cv-02597-SDW-LDW, ECF # 72 this court sua sponte ordered on February 10, 2020:

> Plaintiffs' submission states that Von Pier was properly served on May 10, 2018 "in her official capacity as assistant director of DCPP" … It is not clear, however, that the affidavit of service docketed at D.E. 13, is sufficient under Federal Rule of Civil Procedure 4. Rule 4 permits service of the summons and complaint by delivery: (1) "to the individual personally;" (2) to an individual's "dwelling or usual place of abode;" or (3) "to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. Pro. 4(e)(2). The affidavit filed in this matter indicates only that the summons and complaint were left with "Kurt Chew (?)" at "DCP&P Office on 7th Floor" on May 10, 2018. (D.E. 13.) There is no indication that Mr. Chew was authorized to accept service for Von Pier, therefore, service was not proper.

A copy of the Order is attached hereto as Exh 3.

Needless to say, Judge Wigenton could hardly have been more clear: <u>personally serve all defendants</u>.

Following the above order, still without any response for the AG office about service, Malhan's counsel contacted the office of Probation and head of one of its divisions Defendant Larry Ashbridge. Mr. Ashbridge's office told Clark that they would accept service at any local probation office located in a county courthouse.  ECF # 72.   On February 26, 2020 Malhan successfully served Probation/Larry Ashbridge at the Hudson County Courthouse, and on February 27

5

Malhan filed with the court "Summons Returned Executed." ECF # 72. In fact, Clark himself served the summons and complaint in order to reduce costs for Malhan. ECF # 72. (Clark represents Malhan pro bono but Malhan is responsible for expenses and he has already been financially destroyed by New Jersey. Clark Cert.

Malhan was trying to arrange for service of Judge Katz and Judge Kessler then suddenly on March 12, 2020, two weeks after serving Ashbridge and two months after requesting that DAG accept service or sign a waiver of service Clark received the following email (a true copy is attached as Exh 4, quote is on page 3):

> On March 12, 2020 at 9:16 AM Robert McGuire <
> Robert.McGuire@law.njoag.gov> wrote:
> Good morning, Paul. Thanks for your reply. I am told that only one
> summons/complaint was dropped off at Probation's office, with Mr.
> Ashbridge's
> name on the summons, and it was assumed that the service was meant
> for him. To
> eliminate any confusion, I will agree to sign a waiver of service for
> Probation, also, as well as for Judges Katz and Kessler and Attorney
> General Grewal, if you can send those to me at your earliest
> convenience.

Ex 4 (this is admissible as a party admission).

The end result was that new defendants were able to obtain four months to respond to complaint. The Defendant's instant filing states: "Malhan and his counsel had looked to the Attorney General's Office on all prior occasions when serving Judge Katz in these federal actions, as set forth in the letter as attached

Exhibit A to the McGuire Decl.[.]"  As the above shows, Malhan "looked to" the AG Office and only got a run around.

As Deputy AG Ferrantelli wrote in 2016:

> Our office unfortunately can't accept service on behalf of the other defendants, you need to serve them individually because you named individual officials.  I checked with my boss and that's our policy.  And since we can't accept it for them, we can't waive it either.

Ex 1.

In 2020 the GA finally did agree to waive service.  With respect to the instant motion Defedant's brief asserts that in three other cases 18-cv-963; 18-cv-2597; and 18-cv-16404):  "In all of those cases, DAG McGuire <u>agreed to accept service</u> or to waive service of process so that Judge Katz did not have to be served personally."  ECF 102-1 at 7-8 (emphasis added).

In fact, Case 18-cv-963 filed as Argen v. Kessler, Judge Katz took over for Judge Kessler and the Court ruled that Judge Katz stood in the shoes of Judge Kessler so there was actually no summons ever issued to Judge Katz. 18-cv-963 - ECF # 37.  Moreover, in that case the AG certainly did not accept service of the complaint and summons but agreed to waive service (with the accompanying 60-day deadline).  2:18-cv-00963-KM-JBC  ECF # 12 (WAIVER OF SERVICE Returned Executed by PAUL ARGEN, SURENDER MALHAN. DONALD KESSLER waiver sent on 2/2/2018, answer due 4/3/2018.  Furthermore, it must be noted that in May 2019 the Court per Judge McNulty denied Defendant's Second

7

motion to dismiss. (18-cv-963 - ECF # 37) but defendant still refused to answer the complaint. On May 25, 2019 Mahlan had to file for default. 18-cv-963 - ECF # 40. The court ordered a conference. ECF # 42. The on June 11, 2019 the Court ordered (18-cv-963 - ECF # 48):

> ORDER that Judge Katz is hereby named as the defendant in this case and the matter will be captioned as "Paul Argen and Surender Malhan v. David Katz" Judge Katz will file a responsive pleading to the Amended Complaint by 6/24/2019; plaintiff's motion for entry of default [40] is Withdrawn. Signed by Magistrate Judge James B. Clark on 6/11/2019. (sm)

As can be seen there was no summons or need for service, because the Court had to order Judge Katz to Answer. This delay in Answering is part of a consistent pattern of delay by the State Defendants.

Defendants also claim: "DAG McGuire <u>agreed to accept service</u> or to waive service of process" in 18-cv-2597. ECF 102-1 at 7-8 (emphasis added). Case 18-cv-2597 was filed 2/23/18 ECF # 1. On March 29, 2018 DAG McGuire emailed Clark

> On March 29, 2018 at 4:14 PM Robert McGuire <Robert.McGuire@law.njoag.gov> wrote:
>
> Good afternoon, Paul. I have been assigned to handle the Family Civil Liberties Union matter on behalf of the Attorney General and Judges Katz, Kessler and Wilson. The judges are all agreeable to my executing a waiver of service of the summons, which would make their responsive pleadings due May 7, 2018, I believe. May I ask the courtesy of your agreement to execute a consent order extending

8

> Attorney General's time to plead from the current deadline (April 16) through that date also?  Thanks.  Have a good weekend.  – Rob

Ex 5 (this is admissible as a party admission).

A consent order was entered and no waiver was ever filed. 18-cv-2597, ECF # 6.   3/29/18  ECF # 6.  <u>Again DAG did not agree to accept service of summons or complaint</u> but agreed to the functional equivalent of a waiver of service, but which gave them more time to respond (until May 7, 2.5 months after the Complaint was filed).  In fact, DAG requested and was permitted until June 28, 2018 to respond to the complaint.

Finally Defendants also claim:  "DAG McGuire <u>agreed to accept service</u> or to waive service of process" in 18-cv-16404.  Yet again the record in the case tells a different story. 18-cv-16404 ECF # 4 states:

> WAIVER OF SERVICE Returned Executed by SURENDER MALHAN. DAVID KATZ waiver sent on 12/5/2018, answer due 2/4/2019. (CLARK, PAUL)

Plainly, DAG never agreed to "accept service" of Summons and complaint in any of the cases Defendants claim in their brief—or indeed in any other case we know about.  In fact, this appears to be a pattern in other cases.

John Bosco Mutarambirwa has filed suit against various officials of state of New Jersey (2:20-cv-06155-CCC-MF) and although he is pro se he contacted Clark because Clark has represented other people in similar suits (Clark is also representing him in an Appeal to the NJ Appellate Division).  Mr. Mutarambirwa

named Judge Spencer as a Defendant in his suit and attempted to get the AG to accept service for Judge Spencer. The AG however emailed him back:

> Mr. Mutarambirwa,
> We cannot accept on behalf of Louise Spencer as indicated in your attached summons. We do not accept for individuals you will need to serve her directly.

Ex 6 (this is admissible as a party admission).

Moreover, on June 3, 2020 Judge Spencer's Law Clerk Ibn Alston emailed various counsel stating: "Can the Court please be sent a copy of the filing of the suit." Exh 7. A copy of the complaint was then provided to Judge Spencer and Mr. Mutarambirwa regarded this as consent to accept service by email by Judge Spencer and filed a certification of service. 2:20-cv-06155 ECF # 10. Remarkably, however. Judge Spencer has refused to respond to the complaint and Mr. Mutarambirwa has sought a default against her. 2:20-cv-06155 ECF # 26. Because Judge Spencer has refused to respond, we can only assume that Judge Spencer will almost certainly insist that when she requested a copy of the Complaint that she was not agreeing to accept service by email—and will insist on personal service.

Furthermore, despite the AG office setting up a dedicated email address to accept service (NJAG.ElectronicService.CivilMatters@law.njoag.gov) (see Ex 6) the AG office has recently informed Mr. Mutarambirwa that even his email of summons and complaint to the Attorney General may not be effective service, and

has demanded that they be permitted to waive service and get another 60 days, despite the AG having been served way back in June.  Exh 8.[1]

This appears to be a common delaying tactic of the AG office, the day after Judge Katz was personally served a new complaint and summons DAG McGuire wrote

> Please be advised that I have been assigned to represent Judge Katz, Attorney General Grewal and Governor Murphy with respect to this matter, which you had already emailed me concerning. As an accommodation, I will agree to execute a waiver of the service of summonses on behalf of my clients, and I would remind you that any communications or service of documents related to this matter should be directed to me, and not to my clients. Please provide the necessary waiver forms so that I can execute and return them. Thank you.

Ex 9.

Note that Mr. McGuire did not offer to accept service he merely "agreed" to "execute a waiver of the service."  A Waiver of Service would have given him another 60 days to respond to the complaint.  Mr. McGuire did not agree to accept "service of the summons" and has never agreed to accept service with the corresponding 21-day time frame.

Needless to say, the above history makes clear that DAG McGuire has never agreed to accept service of a complaint and summons—at best DAG agreed to sign a waiver and that often after much hemming and delay.  Not surprisingly then, Malhan's counsel arranged for personal service.  Malhan's counsel often serves

---

[1] It should be noted that Mr. Lynch appears to be struggling to deal with what his predecessor termed "bureaucratic

subpoenae or summonses to save his clients money as he did in serving Ashbridge. ECF # 72. However, when it is anticipated that the person to be served may try to evade or deny service Clark uses a process server to avoid becoming a witness. Indeed, when the process server Mr. Caceras served Judge Katz, Clark had no contact whatsoever with Judge Katz. ECF # 97-1. Caceras Affd.

Remarkably, after Judge Katz was served he, or someone associated with him sent three armed plain clothes officers to Malhan's residence at past 10pm at night, and even appear to have tried to break into Clark's Law Office. ECF # 97-2 Malhan Cert. Malhan will be amending his complaint to add retaliation against Judge Katz, as well as illegal search and retaliation by three state police. Clark Cert. Filing of the Amended Complaint has been delayed by the possibility of a few other plaintiffs being added.

With respect to the Gag Order Suit against Judge Katz 2:20-cv-08955, DAG sought an Order that Defendant could not serve a summons or complaint on a future defendant, but did not say the AG would accept for any future defendants. Plaintiff's main concern was that because the AG refused to agree to accept service (or even agree to waive service), if Plaintiffs could not serve (say a successor judge) that would be a huge problem. The court in 2:20-cv-08955 resolve the issue in the Order by stating that the AG would be required to accept service for any

---

machinations."

future judicial defendants in that case. The decision was limited to that particular case and because the court order the AG to accept service this was a reasonable compromise to protect the rights of Malhan and the order was narrowly tailored. 2:20-cv-08955.

## ARGUMENT

There is no basis whatsoever for a prior restraint "prohibiting Plaintiffs from including the home address of any judge or former judge in any public filing." Def Br. The draft order is only slightly narrower which reads: "Plaintiffs are hereby prohibited from including the home address of any present or former judge in any public filing submitted in the United States District Court for the District of New Jersey."

This is an absurdly broad order. As it reads it does not just apply to this case, and applies to any address of any "former judge." The John Marshall House is a historic house museum and National Historic Landmark at 818 East Marshall Street in Richmond, Virginia." Under the proposed Order Malhan would be prohibited from making reference to this fact in any "public filing" or perhaps any filing in the New Jersey District Court.

As we noted in our earlier motion, we again ask this court to take judicial notice that the home address of Judge David Katz is public information. If one googles Judge David Katz one quickly learns that he was mayor of Livingston

13

New Jersey.  https://ballotpedia.org/David_Katz_(New_Jersey)  The same website notes that for ten years he was at Weiner & Katz.  It is a simple matter to verify that Weiner & Katz had one office—in Livingston, New Jersey.  If one googles <david katz livingston nj> one will find his address  Again we ask the court to take judicial notice of this: anyone with access to the internet can track down David Katz in a matter of minutes.  In light of this fact any restriction on filings containing publicly available information is farcical.  Perhaps Defendants should seek an injunction against google!

 The further fact of the matter is that if the State were truly concerned that Judge Katz's address presented a public they are one's who through their actions have made his address a matter of public interest.  Malhan served Defendant Judge Katz and the next morning filed the affidavit of service which REQUIRES the server to explain where he served the defendant.  ECF # 97-1. That would have been the end of the matter but for the retaliation of New Jersey officials.  It is preposterous to believe that someone would log onto PACER and download certificate of service in the hopes of discovering an address of a defendant—especially when anyone with access to the internet can find it is seconds without the need for a PACER account.

 As to future filings, at this point there is no reason to think that a future judge's address would be relevant, but there is simply no way to know.  That is

why prior restraints are discouraged. Certainly any restraint beyond a specific address in this specific case by existing parties would be unwarranted and unprecedented.

## CONCLUSION

The State's motion should be denied in whole or in part.

Date: Oct 2, 2020

Respectfully submitted,
By: /s/Paul A Clark.  _____
Paul A. Clark
Counsel for Plaintiffs