NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SURENDER MALHAN, for himself and as parent of E.M., and SPACEAGE CONSULTING,<br><br>            Plaintiffs,<br><br>    v.<br><br>GURBIR GREWAL, in his official capacity as Attorney General of New Jersey; STATE OF NEW JERSEY, OFFICE OF CHILD SUPPORT SERVICES; NATASHA JOHNSON, in her official capacity as Director of Division of Family Development; LARRY ASHBRIDGE, CHIEF, CHILD SUPPORT ENFORCEMENT, NJ OFFICE OF PROBATION SERVICES, DONALD KESSLER, DAVID B. KATZ, *et al.*,<br><br>            Defendants. | Civil Action No. 16-8495 (CCC)<br><br><br>OPINION |

**FALK, U.S.M.J.**

Before the Court is a motion by the Judiciary-Related Defendants[1] to quash a subpoena issued by Plaintiffs to the Livingston New Jersey Police Department. [ECF No. 94.] The motion

---

[1] The Judiciary-Related Defendants are: Gurbir S. Grewal, in his official capacity as the Attorney General of New Jersey; New Jersey Superior Court Judge David B. Katz; former New Jersey Superior Court Judge Donald Kessler; Larry Ashbridge (named in his official capacity as Chief of Child Support Enforcement, New Jersey Office of Probation); and the New Jersey Administrative Office of the Courts, Probation Division.

is opposed. No oral argument is necessary. *See* Fed. R. Civ. P. 78(b). For the reasons stated herein, the motion to quash is **GRANTED**.

## RELEVANT BACKKGROUND

This case involves claims against various defendants, including the New Jersey Attorney General and two New Jersey Superior Court Judges, arising out of a number of garnishment orders and court decisions that have been entered in the context of an ongoing State family court matter between Plaintiff and his wife. This action is part of numerous cases in this court involving these issues, past and present. In its current form, this case is supposed to be focused on Plaintiffs' claims under 42 U.S.C. § 652(k), 42 U.S.C. § 669a, and 42 U.S.C. § 1983, which allege that the state garnishment orders at issue are illegal; that Plaintiff Malhan's financial information was impermissibly disclosed; that Defendants have refused to review and adjust child support orders over a period of years; and that Defendants have retaliated against Plaintiffs in the state court litigation.[2]

In December 2019, Judge Katz was added to this case through the filing of an amended complaint. Judge Katz responded by filing a motion to dismiss on the grounds of, among other things, absolute judicial immunity. That motion is pending.

Thereafter, on July 15, 2020, Plaintiff Malhan filed his most recent case against Defendants, *Malhan v. Katz*¸ 20-8955 (the "'20 Action"). On July 27, 2020, Plaintiffs' counsel, Mr. Clark, and a process server, personally appeared at the home of Judge Katz and attempted to serve him with the Complaint in the '20 Action. This step was taken despite Defendants' counsel, Mr. McGuire, having represented Judge Katz in all previously filed suits and having stated that he would accept service on Judge Katz's behalf.

---

[2] A more detailed description of the nature of this case can be found in prior Opinions. *See Malhan v. Secretary, United States Department of State*, 938 F.3d 453 (3d Cir. 2019).

These events, as well as others not detailed here, led the New Jersey State Police to attempt to speak with Mr. Clark on July 27, and ultimately interview him on July 28. Plaintiff Malhan contends that on two occasions, once on July 27 and a second time on July 28, police attempted to visit him at his home; he apparently did not speak with them. *See* Affidavit of Surender Malhan, ¶ 1; Ex. 2; ECF 97-2.

**The Motion to Quash**

On July 28, Mr. Clark served a subpoena on the Livingston Police Department seeking:

> any/all 911 call 311 call or any call whatsoever from David Katz to Livingston PD on July 27, 2020; any dispatchers notes, log notes, police report or any record whatsoever of contact by David Katz with Livingston PD on 7/27/20; any recordings of any radio traffic or internal calls from Liv. P.D, related to David Katz from 7/27/20.

(Declaration of Robert J. McGuire, Esq., Ex. D.)

On August 10, the Judiciary-Related Defendants filed a motion to quash. They claim that the subpoena should be quashed because it seeks information about the safety and security of a sitting judge and does not seek any information that could even possibly be relevant to the litigation, which involves garnishment orders and economic issues. Furthermore, the Judiciary Defendants advise that there are no responsive documents to the subpoena because of "the absence of communication with that Department." (Defs.' Br. 13.) However, the Judiciary Defendants still request that the subpoena be quashed and that it be made clear that any subpoena that seeks such information would be impermissible.

Plaintiffs contend that Judge Katz does not have standing to quash the subpoena; they further contend that the information sought is relevant because of what they term "retaliation"

3

and finally, they contend that if there are no responsive documents the subpoena should be deemed moot and that no merits determination is appropriate.[3]

## **DISCUSSION**[4]

The subpoena at issue has no place in this case. Plaintiffs provide deficient and woefully unconvincing reasons for serving it. Moreover, as Plaintiffs have not withdrawn the subpoena it is appropriate for the Court to proceed to quash it.

**A.     Legal Standard**

Motions to quash subpoenas are governed by Rule 45. Under Rule 45, "courts have significant discretion to quash or modify a subpoena where the discovery sought is irrelevant, or compliance with the subpoena would be unreasonable or oppressive." *Biotechnology Value Fund v. Celera Corp.*, 2014 WL 4272732, at *1 (D.N.J. Aug. 28, 2014) (citing *First Sealord Sur. v. Dunkin & Devires Ins. Agency*, 918 F. Supp. 2d 362, 383 (E.D. Pa. 2013)).

---

[3] Plaintiffs' opposition brief contains Judge Katz's home address. Defendants requested that the opposition brief be temporarily sealed pending an opportunity to brief a formal motion for permanent sealing, which this Court granted. [ECF No. 100.] The formal motion to seal was filed on September 18, 2020 [ECF No. 102], and Plaintiff filed opposition to the motion on October 2, 2020. [ECF No. 104.] The motion will be addressed separately in due course.

[4] While this motion has been pending, there has been noteworthy activity in the '20 Action.
First, Defendants filed an application with the Court requesting that Mr. Clark, plaintiff, and/or any and all of their agents, be required to serve any future pleadings on any member of the judiciary, including Judge Katz, only by serving the Deputy Attorney General acting as defense counsel in that case. The Honorable Leda D. Wettre, U.S.M.J., granted that application, in part, by referencing "numerous statements" made by Mr. Clark that "raise legitimate security concerns as to plaintiff, his counsel, and their agents approaching Judge Katz and other members of the judiciary personally, especially at their residences." (Civ. A. No. 20-8955; ECF No. 20.)
Second, on September 18, 2020, the Honorable Susan D. Wigenton, U.S.D.J., denied an order to show cause filed by the Plaintiff that sought relief from a supposed "gag order" issued in the New Jersey Superior Court custody case and most recently enforced by Judge Katz, finding that injunctive relief of the type sought is not available under Section 1983 or against a sitting judge, and that Plaintiff was unlikely to succeed on his claims. (Civ. A. No. 20-8955, ECF No. 27.)
Third, on October 21, 2020, District Judge Wigenton entered an Order granting a motion to dismiss filed by, among others, Judge Katz, and dismissed the '20 Action. (Civ. A. No. 20-8955; ECF No. 30).

"The permissible scope of discovery under Rule 45 is the same as under Rule 26(b)." *Mallinckrodt LLC v. Actavis Labs*, 2017 WL 5476801, at *2 (D.N.J. Feb. 10, 2017). Federal Rule of Civil Procedure 26(b)(1) provides that a party may obtain discovery regarding "any nonprivileged material that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* It is "well recognized that the federal rules allow broad and liberal discovery." *Pacini v. Macy's*, 193 F.3d 766, 777-78 (3d Cir. 1999). Relevance is a broader inquiry at the discovery stage than at the trial stage, see *Nestle Food Corp. v. Aetna Cos. & Surety Co.*, 135 F.R.D. 101, 103 (D.N.J. 1990), and "relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Pearson v. Miller*, 211 F.3d 57, 65 (3d Cir. 2000). However, while relevant information need not be admissible, the burden remains on the party seeking discovery to "show that the information sought is relevant to the subject matter of the action and may lead to admissible evidence." *Caver v. City of Trenton*, 192 F.R.D. 154, 159 (D.N.J. 2000). Ordinarily, a motion to quash is made by the recipient of a subpoena; however, "a party has standing to bring a Motion to Quash or modify a subpoena upon a non-party when the party claims a personal privilege in the production sought." *Schmulovich v. 1161 Rt. 9*, 2007 WL 2362598, at *2 (D.N.J. 2007) (citing *DIRECTV, Inc. v. Richards*, 2005 WL 1514187, at *1 (D.N.J. June 27, 2005)). "For example, a party has sufficient standing to challenge a subpoena issued to a bank that seeks disclosure of that party's financial records." *Malibu Media LLC v.*

5

*Doe*, 2016 WL 3876425, at *3 (D.N.J. July 14, 2016) (citing *Schmulovich*, 2007 WL 2362598, at *2).

**B.**     **Decision**

**First**, Plaintiffs' argument that Judge Katz lacks standing to move to quash the subpoena is frivolous. Judge Katz plainly has a personal interest in any communications he may have had with law enforcement regarding his personal safety, his home, and the safety of his family. To that end, in the '20 Action, the Honorable Leda D. Wettre entered an Order that Mr. Clark, Plaintiff, and their agents are precluded from attempting personal service on any member of the judiciary, including Judge Katz; in so doing, Judge Wettre found that some of Mr. Clark's comments regarding the judiciary and Judge Katz in particular raise "legitimate concerns." *See footnote 3, supra*.

**Second**, there is absolutely no relevance to the information sought in the subpoena. This case is about garnishment orders and primarily economic issues. The subpoena seeks information about communications between Judge Katz and the Livingston Police Department regarding the service of a complaint in a different case. There is zero connection between the claims in this case and communications that Judge Katz may or may not have had with any law enforcement agency about the events at his home.

Plaintiffs attempt to argue that the material sought will somehow prove some kind of convoluted bias. (*See* Opp'n Br. 9; ECF No. 97.) That baseless argument is simply not so. The Court also believes any claims of the type of personal bias that Plaintiff attempts to refer to are prohibited by the doctrine of judicial immunity. *See Capogrosso v. Supreme Court of New Jersey*, 588 F.3d 180 (3d Cir. 2009).

6

**Third**, this subpoena was served during the pendency of movant's motion to dismiss on the basis of absolute immunity.  Any further discovery against the Superior Court Judges who have moved to dismiss is stayed pending resolution of the motion.

## CONCLUSION

The subpoena at issue seeks information that has nothing to do with the allegations of this case.  It is also improper for other reasons.  It must also be noted that there were certain troubling statements in the motion papers that the Court chooses not to address here.  Defendants' motion is **GRANTED** and the subpoena is **QUASHED**.  All further discovery against the Superior Court Judges is stayed pending resolution of the motion to dismiss.

s/Mark Falk<br>
**MARK FALK**<br>
**United States Magistrate Judge**

**DATED: November 2, 2020**