<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SURENDER MALHAN, for himself and as parent of E.M., and SPACEAGE CONSULTING,** | |
| Plaintiffs, | Civil Action No. 16-8495 (CCC) |
| v. | |
| **GURBIR GREWAL, in his official capacity as Attorney General of New Jersey; STATE OF NEW JERSEY, OFFICE OF CHILD SUPPORT SERVICES; NATASHA JOHNSON, in her official capacity as Director of Division of Family Development; LARRY ASHBRIDGE, CHIEF, CHILD SUPPORT ENFORCEMENT, NJ OFFICE OF PROBATION SERVICES, DONALD KESSLER, DAVID B. KATZ,** *et al.***,** | <u>OPINION</u> |
| Defendants. | |

Before the Court is a motion by Defendants to (1) permanently seal Plaintiff's Opposition to their motion to quash a subpoena; and (2) prohibit Plaintiff from including a judge's home address in any public filings in this District. (ECF No. 102.) The motion is opposed. No oral argument is necessary. *See* Fed. R. Civ. P. 78(b). For the reasons stated below, the motion is **GRANTED**.

<u>RELEVANT BACKGROUND</u>

This case is one of 9 proceedings that Plaintiff has filed against various defendants -- including in some cases the New Jersey Attorney General, Governor Philip Murphy, and two

New Jersey Superior Court Judges -- arising out of a number of garnishment orders and court decisions that have been entered in the context of an ongoing State family court matter between Plaintiff and his wife.  Prior Opinions discuss the background in more detail.  *See, e,g.*, *Malhan v. Katz*, -- Fed. Appx. -- , 2020 WL 6059771 (3d Cir. Oct. 14, 2020); *Malhan v. Secretary, United States Department of State*, 938 F.3d 453 (3d Cir. 2019).

Relevant here, on July 15, 2020, Plaintiff Malhan filed his most recent case against Defendants, *Malhan v. Katz¸* 20-8955 (the "'20 Action").  On July 27, 2020, Plaintiffs' counsel, Mr. Clark, and a process server, personally appeared at the home of Judge Katz and attempted to serve him with the Complaint in the '20 Action.

These events, as well as others not detailed here, led the New Jersey State Police to attempt to speak with Mr. Clark on July 27, and ultimately interview him on July 28.  Plaintiff Malhan contends that on two occasions, once on July 27 and a second time on July 28, police attempted to visit him at his home, although he did not speak with them.  *See* Affidavit of Surender Malhan, ¶ 1; Ex. 2; ECF 97-2.

On July 28, Mr. Clark served a subpoena on the Livingston Police Department seeking, among other things, any communications Judge Katz had with the Livingston Police Department relating to the events of July 27.

On August 10, 2020, Defendants filed a motion to quash the subpoena.  (ECF No. 94.) Plaintiffs opposed the motion on August 25, and in so doing, included in their opposition brief Judge Katz's home address; an Affidavit of Service that contained Judge Katz's home address; and an explanation of how one could find the address on the Internet. (ECF No. 97 at 4 & Ex. 1.)

On August 25, 2020, Defendants requested that the Court enter an Order temporarily sealing Plaintiffs' opposition brief because it contained this sensitive information, including an Affidavit of Service that contained Judge Katz's home address that had been previously sealed in the '20 Action by the Honorable Leda D. Wettre, U.S.M.J. (ECF No. 98.)

On August 26, 2020, the Undersigned temporarily sealed Plaintiffs' brief in opposition to the motion to quash, and directed that a formal motion for permanent sealing, if any, be filed by September 18, 2020. (ECF No. 100.)

On September 18, 2020, Defendants filed the current motion to permanently seal Plaintiffs' Opposition Brief, and seeking a directive that Plaintiffs not publicly file the address of any current or former judges on this Court's docket. (ECF No. 102.)

On October 2, 2020, Plaintiffs opposed the motion to seal and to preclude the public filing of judicial addresses on the docket. (ECF No. 104.)

On November 2, 2020, the Undersigned granted Defendants' motion to quash the subpoena served on the Livingston Police Department and stated that the motion to seal would be addressed separately. (ECF No. 107 at 4 n.3.)

## LEGAL STANDARDS

Federal Rule of Civil Procedure 5.2 is titled "Privacy Protection for Materials Filed with the Court" and requires the redaction of certain personally identifying information from electronic filings; subsection (e) of Rule 5.2. allows for the redaction of information "for good cause shown." Fed. R. Civ. P. 5.2(e).

Local Civil Rule 5.3 governs request to seal judicial filings. The Rule provides that a party seeking to seal materials shall file a motion describing "(a) the nature of the materials or proceedings at issue; (b) the legitimate private or public interest which warrant the relief sought;

(c) the clearly defined and serious injury that would result if the relief sought is not granted; [and] why a less restrictive alternative to the relief sought is not available...." L. Civ. R. 5.3(c)(3).  The party moving to seal must show "good cause" to warrant the relief.  *See Pansy v. Boro. of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994). "[D]iscretion should be left to the court to evaluate the competing considerations in light of the facts of individual cases." *Id.* at 789.

## DECISION

Defendants' request for sealing easily complies with either and/or both of Federal Rule 5.2 and Local Civil Rule 5.3.  There is no discernable interest whatsoever in publishing a judge's home address on the Court's public docket.  On the other hand, Defendants have explained the many countervailing interests to keep this information out of public filings, including the obvious need for judicial security and safety and the serious injury that can result from its public dissemination.

Courts have not hesitated to restrict inappropriate public disclosure of information, particularly relating to the safety and security of judges.  As Defendants set forth in their brief -- and Plaintiffs fail to address in their reply --  the court in *Scheffler v. City of New Hope*, 2018 WL 6012181 (D. Minn. November 16, 2018), required the sealing of a complaint that included the home addresses of several federal district court judges, noting the compelling reasons why:

> Federal Rule of Civil Procedure 5.2 requires parties to redact a limited amount of personal information from public filings. The Rule is intended "to protect privacy and security concerns" of individuals. Fed. R. Civ. P. 5.2 Advisory Comm. Note (2007). Both at the state and federal level, judges' home addresses are protected. *See* Minn. Stat. §§ 13.37, subd. 1(a); 13.43, subd. 4; Minnesota Rules of Public Access to Records of the Judicial Branch, Rule 5, subds. 1, 5; *Lurie v. Dep't of Army*, 970 F. Supp. 19, 35 (D.D.C. 1997) (holding "personal addresses" to be private under the Freedom of Information Act).
>
> Moreover, this Court also has "broad discretion" to address matters of "security," particularly when such security measures cause no prejudice to a plaintiff. *Wainwright v. Lockhart*, 80 F.3d 1226, 1232 (8th Cir. 1996). The United States Supreme Court has

4

> recognized the significant interest public employees have in the privacy of their home addresses. *U.S. Dep't of Def. v. Fed. Labor Relations Auth.*, 510 U.S. 487, 500 (1994). **Judges, in particular, have a critical need to maintain their privacy because of the possible threat posed by dissatisfied litigants, including criminal defendants**. *See Bigwood v. U.S. Agency for Int'l Dev.*, 484 F. Supp. 2d 68, 77 (D.D.C. 2007).
>
> A court may order the redaction of information upon a showing of good cause. Fed. R. Civ. P. 5.2(e)(1). Courts have found good cause exists to redact the home addresses of government employees because of safety concerns. *See, e.g., Macias v. Cleaver*, No. 1:13-cv-1819 (BAM), 2016 WL 3549257, at *6 (E.D. Cal. June 30, 2016); *Reaves v. Jewell*, 2014 WL 6698717, at *2 (D. Md. Nov. 26, 2014); *Jones v. Corr. Corp. of Am.*, 2011 WL 6217415, at *1 (D. Kan. Dec. 14, 2011). Although there is a common law right of access to judicial records by the public, *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013), "[t]his right of access is not absolute, [and] requires a weighing of competing interests," *Feinwachs v. Minn. Hosp. Ass'n*, No. 11-cv-8 (JRT/SER), 2018 WL 882808, at *3 (D. Minn. Feb. 13, 2018).
>
> In this case, the personal home addresses of the judges at issue are in no way relevant to Plaintiff's claims, so there is no public interest in access to such addresses. Redacting the personal home addresses of the defendant judges guards against potential safety concerns and unsolicited contact by strangers to the present case.

*Id*. at * 1-2. (emphasis added) (footnote omitted).

For the very same reasons above, that is the case here. There is no relevance whatsoever of Judge Katz's home address to the claims in this case. The placement of his address in the opposition brief is gratuitous and unnecessary. Moreover, the filing of the Affidavit of Service containing Judge Katz's address on the Court's docket likely violates Judge Wettre's Order sealing that document in the '20 Action. Moreover, as Defendants note, there is advancing state and federal legislation regarding the privacy of judicial addresses, including criminal penalties for the public dissemination of same. *See* Daniel Anderl Judicial Security and Privacy Act of 2020, S.4711, 116th Congress (2019-20).[1]

---

[1] *See also   Daniel's Law to Protect Judges Clears Another Legislative Hurdle (available at)*
https://www.law.com/njlawjournal/2020/10/23/daniels-law-to-protect-judges-clears-another-legislative-hurdle/

*The Rule of Law Itself is Threatened, Bill Named for Judge Salas's Son Gains Traction (available at)*
*https://www.law.com/njlawjournal/2020/10/08/the-rule-of-law-itself-is-threatened-bill-named-for-judge-salas-son-gains-traction/*

5

Plaintiffs' papers largely fail to address the issues, instead spending time correcting what they believe to be "false allegations and insinuations." (Opp'n Br. 2.) They further contend that any Order precluding the future placement of a judge's address on the docket of this Court as "absurdly broad." (Opp'n Br. 13.)

There is nothing absurd about protecting the addresses of members of the judiciary. What is unacceptable is the unnecessary placement of such information on the public docket, where it has no possible bearing on the issues in a case. This is particularly concerning given certain public statements that have created a strong enough concern to preclude Plaintiffs and Plaintiffs' Counsel from attempting personal service on a judge at their home. *See Malhan v. Grewal*, 2020 WL 6391180, at *2 n.4 (D.N.J. Nov. 2, 2020).

Defendants' motion is **GRANTED**. The information regarding Judge Katz's address in the opposition brief and affidavit of service are sensitive and not relevant to the case and do not belong on the public docket. Likewise, Plaintiffs and their counsel, Mr. Clark, are precluded from placing the address of any current or former judge on the electronic docket for the United States District Court for the District of New Jersey. Any use such information could plausibly have – and the Court can think of none – is outweighed by the overwhelming public policy need to protect judicial officers and their families.

    s/Mark Falk_____
    **MARK FALK**
    **Chief United States Magistrate Judge**

**DATED: November 13, 2020**