NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SURENDER MALHAN, for himself and as parent of E.M., and SPACEAGE CONSULTING,<br><br>    Plaintiffs,<br><br> v.<br><br>GURBIR GREWAL, in his official capacity as Attorney General of New Jersey; STATE OF NEW JERSEY, OFFICE OF CHILD SUPPORT SERVICES; NATASHA JOHNSON, in her official capacity as Director of Division of Family Development; LARRY ASHBRIDGE, CHIEF, CHILD SUPPORT ENFORCEMENT, NJ OFFICE OF PROBATION SERVICES, DONALD KESSLER, DAVID B. KATZ, *et al.*,<br><br>    Defendants. | Civil Action No. 16-8495 (CCC)<br><br>OPINION |

**FALK, U.S.M.J.**

  Before the Court is Plaintiff's motion for leave to file a fourth amended complaint, made pursuant to Federal Rules of Civil Procedure 15(a) and 19(a). Plaintiff's motion seeks to: (1) add a new Plaintiff, Tobia Ippolito; and (2) add "additional breaches" and "acts of retaliation" that occurred since the filing of the original complaint – this includes a new Count IX against Defendant Judge David Katz and a putative new Defendant, state police officer Robert Seewick. (*See* ECF No. 106-1, 106-3, Redlined Proposed

Complaint at ¶¶ 371-387.) The motion is opposed. No oral argument is necessary. *See* Fed. R. Civ. P. 78(b). For the reasons stated herein, the motion is **DENIED**.

## RELEVANT BACKKGROUND

This case is one of nine federal lawsuits that Plaintiff has filed against various defendants, including the New Jersey Attorney General and two New Jersey Superior Court Judges, arising out of a number of garnishment orders and court decisions that have been entered in the context of a New Jersey state court family matter between Plaintiff and his wife. These cases have expansive and winding histories. Prior Opinions provide more detail. *See, e.g.*, *Malhan v. Katz*, -- Fed. Appx. -- , 2020 WL 6059771 (3d Cir. Oct. 14, 2020); *Malhan v. Secretary, United States Department of State*, 938 F.3d 453 (3d Cir. 2019); *Malhan v. Grewal*, 2020 WL 6689753 (D.N.J. Nov. 13, 2020); *Malhan v. Grewal*, 2020 WL 6391180 (D.N.J. Nov. 2, 2020); *Malhan v. Porrino*, 2020 WL 1616690 (D.N.J. Apr. 2, 2020).

The current operative pleading is the Third Amended Complaint filed on December 20, 2019. (ECF No. 62.) In its current form, this case is supposed to be focused on Plaintiffs' claims under 42 U.S.C. § 652(k), 42 U.S.C. § 669a, and 42 U.S.C. § 1983, which allege that the state garnishment orders at issue are illegal; that Plaintiff Malhan's financial information was impermissibly disclosed; that Defendants have refused to review and adjust child support orders over a period of years; and that Defendants have retaliated against Plaintiffs in the state court litigation.

Plaintiff now seeks to file a fourth amended complaint. The motion to amend has two distinct parts.

**First**, Plaintiff seeks to introduce a new plaintiff, Mr. Ippolito, into this lawsuit, and present claims on his behalf. Plaintiff's counsel, Mr. Clark, contends that Mr. Ippolito should be joined as a plaintiff because he, like Mr. Malhan alleges, has been the subject of "illegal" garnishment orders and had his bank accounts "levied illegally" as part of divorce and child custody proceedings in New Jersey state court.

**Second**, Plaintiff seeks to add a new count Count IX to the Complaint titled "Retaliation, Conspiracy to Interfere with Civil Rights, Illegal Search and Violation of Privacy," against Defendant Judge David Katz, as well as a new defendant, state police officer Robert Seewick.

The proposed new Count IX arises out of events that occurred in July 2020. Specifically, on July 27, 2020, Plaintiffs' counsel, Mr. Clark, and a process server, personally appeared at the home of Judge Katz and attempted to serve him with the complaint in a different civil action Malhan had filed (*Malhan v. Katz¸* 20-8955 (the "'20 Action")). This step was taken despite Defendants' counsel, Mr. McGuire, having represented Judge Katz in all previously filed suits and having stated that he would accept service on Judge Katz's behalf - and within a week of a shooting and murder of a family member at the home of another district judge of this Court by a disgruntled lawyer.

This attempt at personal service led Defendants to file an application in the '20 Action requesting that Mr. Clark, plaintiff, and/or any and all of their agents, be required to serve any future pleadings on any member of the judiciary, including Judge Katz, only by serving the Deputy Attorney General acting as defense counsel in that case. The Honorable Leda D. Wettre, U.S.M.J., granted that application, in part, by referencing

"**numerous statements**," placed by Mr. Clark in the public domain, that "**raise legitimate security concerns as to plaintiff, his counsel, and their agents approaching Judge Katz and other members of the judiciary personally, especially at their residences**." (Civ. A. No. 20-8955; Order dated August 12, 2020, ECF No. 17; emphases added.)

Despite the above and a judicial finding that there were numerous statements from Plaintiff's counsel that "raise legitimate security concerns," Malhan contends that the alleged efforts of the state police to locate and interview Mr. Malhan on July 27 and/or July 28 amount to violations of his civil rights. So far as the Court can tell, Mr. Malhan's claim is that the State Police's allegedly loudly banged on his door and peaked through the mail slot of his business, which he contends is a "trespass and violation of Malhan's expectation of privacy." (Proposed Amended Complaint, ¶¶ 377-382; ECF No. 106-3.)

Defendants oppose the motion to amend. They argue that Mr. Ippolito has nothing whatsoever to do with Mr. Malhan and adding him as a Plaintiff is frivolous and would involve a new set of facts, discovery, and essentially starting aspects of the case over in a case that is already 5 years old. As for the proposed new Count IX, Defendants argue that the claim is futile, delayed, and made in bad faith to avoid already briefed and pending motions to dismiss.

## LEGAL STANDARDS

A. **Motion to Amend – Rule 15**

Rule 15(a)(2) of the Federal Rules of Civil Procedure permits a party to amend its

pleading at any point prior to trial "only with the opposing party's written consent or the court's leave." Leave should be freely given by the Court "when justice so requires." *Id.* This mandate encompasses a broad range of equitable factors. *Arthur v. Maersk, Inc.,* 434 F.3d 196, 203 (3d Cir. 2006) (citations omitted). A court will consider whether the delay in seeking amendment is undue, motivated by bad faith, prejudicial, or if it would ultimately be futile. *See, e.g., Foman v. Davis*, 371 U.S. 178, 182 (1964). The decision to grant leave rests in the sound discretion of the Court. *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 331 (1971).

### B. <u>Joinder - Rule 19</u>

Federal Rule of Civil Procedure 19(a) implicates joinder of necessary parties. Under Rule 19(a)(1), a party is deemed necessary if

> (A) in the person's absence complete relief cannot be accorded among those already parties, or (B) the person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

*Id.* The party seeking to add necessary parties under Rule 19 "bears the burden of showing why an absent party should be joined[.]" *Disabled in Action of Pa. v. SEPTA*, 635 F.3d 87, 97 (3d Cir. 2011).[1]

---

[1] In his reply papers, Plaintiff seems to abandon Rule 19 and instead attempt to rely on – for the first time - Rule 20 to argue for Mr. Ippolito's joinder as a Plaintiff. *Compare* Plaintiff's Notice of Motion ECF No. 106-1 *with* Plaintiff's Reply Br. at 1. This is an improper attempt to raise arguments for the first time on reply and the Court is well within its discretion to disregard it. *See*, *e.g.*, *Judge v. United States*, 119 F. Supp. 3d 270, 284 (D.N.J. 2015). In all events, it is clear that Mr. Ippolito should not be joined as a plaintiff for a multitude of reasons, set forth herein.

5

## **DECISION**

Neither aspect of Plaintiff's motion to amend has merit.

**First**, the request to add a new plaintiff, Mr. Ippolito, is entirely without merit. This case is into its fifth year. It has to do with Mr. Malhan's odyssey in state court. There have been nine cases about this journey and the facts associated with it. Mr. Ippolito comes with his own history and allegations, involving a different divorce, with different considerations, and with different outcomes. While there may be some vague legal similarity to the legal theories Mr. Malhan and Mr. Ippolito set forth in their claims, it is not reasonable to combine the two into one case. This is not a class action lawsuit. It is an individual action by Mr. Malhan. Just because the two Plaintiffs have state court orders they disagree with it, and they were both entered by New Jersey courts, does not mean they should be joined as Plaintiffs, especially 5 years into this case. Plaintiff's motion -- to place it in very simple terms -- would be like trying to combine a slip-and-fall case by a person who allegedly fell in a store with a slip-and-fall by another person who allegedly fell in another location of the store at a different time – five years after the first case was filed. That is not the way it works. Pursuant to Rule 15, it could be said that the motion borders on bad faith. Permitting this amendment would certainly create an undue delay in the proceedings, as it would require Defendants to start the proceedings anew with Mr. Ippolito's claims.

Since the motion is improper under Rule 15, there is no need to evaluate Rule 19 or even Plaintiff's belated attempt to invoke Rule 20. Nevertheless, for purposes of completeness, neither rule supports Ippolito's joinder in this case. There is no common

nucleus of operative facts between the two plaintiff's claims, and there would be no preclusive effect whatsoever between decisions rendered in one case versus another. The first aspect of the motion to amend is denied.

**Second**, there is no basis to add an additional retaliation claim against Judge Katz or the new proposed defendant, Robert Seewick. As discussed *supra*, Plaintiff and his counsel have been barred from attempting personal service on any judicial officer at his/her home due to "legitimate security concerns" raised by "numerous" public statements. (Civ. A. No. 20-8955; Order dated August 12, 2020, ECF No. 17; emphasis added.) Plaintiff's new retaliation claim, set forth in Count IX, appears to be based on alleged loud banging on his door and an officer looking through his mail slot. Given the circumstances, and the facts and history of this case, a claim for retaliation against Judge Katz or Defendant Seewick would be futile. Plaintiff has also delayed in bringing the claim.

An amendment is futile if it could not withstand a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Massarsky v. Gen Motors Corp.*, 706 F.2d 111, 125 (3d Cir. 1983). The Rule 15 futility analysis employs the *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007) "plausibility" standard under Rule 12(b)(6). *See Ashcroft v. Iqbal*, 129 S. Ct. 1937-1940-41 (2009) (*Twombly* standard applies to all federal pleadings). Therefore, a party seeking leave to amend must support their claims with sufficient specificity to "'raise a right to relief above the speculative level" to satisfy *Twombly*. *Id.*

7

Here, Plaintiff has not raised a right to relief above the speculative level against Defendant Katz nor proposed defendant Seewick. Defendant Katz was not present at Mr. Malhan's home or office, and therefore, any banging or invasion of privacy could not be attributable to him, making the claim futile as to Defendant Katz. Moreover, the only allegation against Defendant Seewick directly is that he "pounded" on Malhan's door; the proposed amended complaint does not even allege that Defendant Seewick is the officer who looked through the mail slot. (*See* Proposed Amended Complaint, ¶¶ 377, 380; "John Doe" officer opened mail slot) A state police officer knocking on a door – under the circumstances here - does not rise to the level of an actionable violation of civil rights under Section 1983.[2] As a result, proposed Count IX is futile in that it does not raise a plausible right to relief against either defendant.

Finally, even if the claim were not manifestly futile – which it certainly is – Plaintiff has unduly delayed in bringing his motion to amend. The events giving rise to the claim occurred in July 2020. Plaintiff had the alleged facts to support the claim immediately. He waited until October, three months later, to file the claim. And while motions to dismiss the case were briefed and pending. This raises the specter of ulterior

---

[2] Plaintiff cites *Anderson v. Davila*, 125 F.3d 148 (3d Cir. 1997) in support of his retaliation claim. The case is distinguishable. *Anderson* involved a claim of a police investigation and continued surveillance that was undertaken "solely" because Plaintiff filed a lawsuit. *Id.* at 159. Here, we have a situation where the alleged conduct did not happen "solely" because a lawsuit was filed; rather, we already have a judicial finding that there were legitimate security concerns at issue that led the state police to visit Mr. Malhan's residence, and the "offending" conduct was limited to knocking on a door and perhaps flipping open a mail slot - not full blown, extensive surveillance. Moreover, the Complaint does not allege that Defendant Katz or Defendant Seewick was the individual who "peered" through the mail slot.

motives in bringing the motion to amend. While three months may not amount to undue delay generally, when the totality of the circumstances are evaluated here, including the fact that the case is in its fifth year and this is the fourth attempt to amend the complaint, there is no reason for Plaintiff to wait three months to file his motion to amend.

## CONCLUSION

For the reasons stated above, Plaintiff's motion for leave to file an amended complaint [ECF No. 106] is **DENIED**. An appropriate Order will be entered.

                                                      *s/Mark Falk*_____
                                                      **MARK FALK**
                                                      **Chief Magistrate Judge**

**DATED: February 8, 2021**