NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| SURRENDER MALHAN¸ for himself and as a parent, and SPACEAGE CONSULTING, <br><br> Plaintiffs, <br><br> v. <br><br> GURBIR GREWAL, et al., <br><br> Defendants. | Civil Action No.: 2:16-cv-8495 <br><br><br> **OPINION** |

**CECCHI, District Judge.**

I.     __INTRODUCTION__

This matter comes before the Court by way of the motion to dismiss the Third Amended Complaint (ECF No. 62 ("TAC")) of Plaintiffs Surender Malhan ("Malhan") and SpaceAge Consulting (together, "Plaintiffs") pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6), ECF No. 84, filed by Defendants Gurbir S. Grewal, in his official capacity as Attorney General of the State of New Jersey,[1] Larry Ashbridge, in his official capacity as Chief of Child Support Enforcement, the New Jersey Office of Probation, the New Jersey Administrative Office of the Courts, Probation Division (the "State Defendants"), David Katz, in his official capacity as a current New Jersey Superior Court Judge, and Donald Kessler, in his official capacity as a former New Jersey Superior Court Judge (the "Judicial Defendants").  Plaintiffs opposed the motion (ECF No. 86 (hereinafter "Pls. Br.")), and Defendants replied.  ECF No. 87 (hereinafter "Defs. Rep.").  The Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b).  For the reasons set forth below, the motion to dismiss is granted.

---

[1] Mr. Grewal resigned from his position as Attorney General of New Jersey on July 16, 2021.  The Court considers Plaintiffs' suit to be brought against Andrew Bruck, the Acting Attorney General of New Jersey, in lieu of Mr. Grewal.

## II.    <u>BACKGROUND</u>

### a.  Factual Background

Surender Malhan, a resident of New Jersey, is an employee and sole shareholder of SpaceAge Consulting.[2]  TAC at ¶ 4.  In their TAC, filed on December 20, 2019, Plaintiffs assert claims against Defendants concerning their participation in proceedings held before the New Jersey Superior Court, Essex County, Family Court Division ("Family Court") in which the Family Court issued numerous orders related to Malhan's matrimonial, child custody, and child support obligations.  TAC at ¶¶ 14–46.  Specifically, these proceedings stem from Malhan's divorce from Alina Myronova, his ex-wife and the mother of his minor children.

The Court notes that the instant action is one of numerous suits that Plaintiffs have brought in this district regarding issues arising from Malhan's divorce and related proceedings.  *See, e.g.*, *Malhan v. Katz*, No. 20-8955, ECF No. 30 (SDW) (dismissing Malhan's claims); *Family Civil Liberties Union v. New Jersey*, No. 18-2597, ECF No. 72 (SDW) (dismissing Malhan's claims) and C.O.A. No. 20-1455, ECF No. 46 (Third Circuit affirming dismissal); *Malhan v. Porrino*, No. 16-8889, ECF No. 83 (SDW) (dismissing Malhan's claims) and C.O.A. No. 20-1905, ECF No. 43 (Third Circuit affirming dismissal); *Edelglass v. State of New Jersey*, No. 14-760, ECF No. 44 (FLW) (dismissing Malhan's claims) and *Allen v. DeBello*, 861 F.3d 433 (3d Cir. 2017) (Third Circuit affirming dismissal); *Malhan v. Katz*, No. 18-16404, ECF No. 25 (SDW) (dismissing Malhan's claims) and C.O.A. No. 20-1112, ECF No. 25 (Third Circuit affirming dismissal); *Argen*

---

[2] As described in detail below, the TAC neither complies with Federal Rule of Civil Procedure 8(a)(2)'s requirement that a complaint be a short and plain statement of the claim showing that the pleader is entitled to relief, nor Federal Rule of Civil Procedure 8(d)(1)'s requirement that each allegation in a complaint be simple, concise, and direct.  For instance, the TAC contains 229 paragraphs, spans 53 pages, and extensively cites, *inter alia*, miscellaneous hearing transcripts, court orders, and case law.

*v. Katz*, No. 18-963, ECF Nos. 26, 37, 68 (KM and SDW) (dismissing Malhan's claims) and

C.O.A. No. 20-1253, ECF No. 31 (Third Circuit affirming dismissal); *SpaceAge Consulting Corp.,*

*v. Porrino, et al.*, No. 17-6299, ECF No. 17 (JLL) (dismissing SpaceAge's claims).  The Court

further notes that Plaintiffs included Judge Katz's home address in multiple filings on the

electronic docket in this matter, which resulted in Chief Magistrate Judge Mark Falk issuing an

order that Plaintiffs and their counsel are precluded from placing the address of any current or

former judge on this Court's electronic docket.    ECF No. 109 at 2, 5–6; ECF No. 110 at 1.

Additionally, in *Malhan v. Katz*, No. 20-8955 (SDW), Plaintiffs' counsel attempted to serve their

complaint on Judge Katz at his home, and, as a result, they were subsequently ordered by

Magistrate Judge Leda Dunn Wettre to, moving forward, serve all papers in that action on Judge

Katz's counsel.  *Id.* ECF No. 17.[3]

>   **b.  The Family Court Dispute**

Plaintiffs first contend that, in early 2016, Judge Kessler wrongly adjusted Malhan's

matrimonial and child support obligations via an order.  TAC at ¶ 59.  Plaintiffs acknowledge,

however, that Malhan thereafter failed to pay the full amount of spousal and child support ordered

by Judge Kessler, and that, as a result, the Office of Child Support Services issued a "Notice of

Levy" on his bank account "first freezing and threaten[ing] to seize all of his money."  *Id.* at ¶¶

---

[3] As a result of this attempted service and other events, the New Jersey State Police visited and interviewed Plaintiffs' counsel, and attempted to interview Malhan.  ECF No. 107 at 3.  These issues have in no way influenced this Court's Opinion and Order, but Plaintiffs and their counsel are reminded of their obligations to comport with this Court's prior orders discussed above.

62, 68.  While the levy was removed on December 1, 2016 (*Id.* at ¶ 70), Malhan still asserts—without explaining why—[4]that he remains potentially subject to further levy.[5]  *Id.* at ¶ 71.

Plaintiffs also allege that Judge Kessler incorrectly found Malhan "to be in violation of litigants rights," *i.e.*, that Malhan violated a previous court order, even though Malhan admittedly failed to comply with the Family Court's August 2017 order to pay Myronova $4,000 in spousal and child support arrears payments.  *Id.* at ¶ 135.  For the same reason, Plaintiffs aver that Judge Kessler wrongly issued a wage garnishment order that directed Malhan to pay $4,000—representing Myronova's spousal and child support arrears payments—through Essex County Probation.  *Id.* at ¶ 94.  Thereafter, Plaintiffs note, Malhan filed an interlocutory appeal with the Appellate Division challenging the legality of the wage garnishment order, but the appeal was denied.  *Id.* at ¶ 95.

---

[4] In support of this proposition, Plaintiffs cite to "Ex. 3 to ECF # 1."  TAC at ¶ 71.  The Court notes, however, that ECF No. 1 does not contain any exhibits or attachments on the docket.[5] Plaintiffs additionally note that in May 2014 and June 2015, Myronova requested and was erroneously granted "gag orders" in connection with Malhan's divorce and child custody proceedings.  *See* TAC at ¶ 51. Plaintiffs allege that, thereafter, Judge Kessler improperly ruled that the "gag orders" were lawful under the Constitution.  *Id.* at ¶ 55.  In related matters, Judges Wigenton and McNulty denied Malhan relief in connection with his challenges to these various "gag orders."  *Argen v. Katz*, No. 18-963, ECF Nos. 26, 37, 68 (holding that injunctive relief is unavailable under Section 1983 against a sitting judge); *Malhan v. Katz*, No. 20-8955, ECF No. 27.  Judge Wigenton's order in *Argen* was affirmed by the Third Circuit on September 15, 2020, C.O.A. No. 20-1253, ECF No. 31.

[5] Plaintiffs additionally note that in May 2014 and June 2015, Myronova requested and was erroneously granted "gag orders" in connection with Malhan's divorce and child custody proceedings.  *See* TAC at ¶ 51. Plaintiffs allege that, thereafter, Judge Kessler improperly ruled that the "gag orders" were lawful under the Constitution.  *Id.* at ¶ 55.  In related matters, Judges Wigenton and McNulty denied Malhan relief in connection with his challenges to these various "gag orders."  *Argen v. Katz*, No. 18-963, ECF Nos. 26, 37, 68 (holding that injunctive relief is unavailable under Section 1983 against a sitting judge); *Malhan v. Katz*, No. 20-8955, ECF No. 27.  Judge Wigenton's order in *Argen* was affirmed by the Third Circuit on September 15, 2020, C.O.A. No. 20-1253, ECF No. 31.

On the heels of this denial, Malhan contacted the United States Department of Labor ("DOL") to complain that the wage garnishment order violated federal law. *Id.* at ¶ 126. Subsequently, according to Plaintiffs, the DOL sent a letter to Judge Kessler stating that the Court's demand for a $4,000 per month garnishment was in violation of federal law. *Id.* at ¶ 130. While Judge Kessler indicated that he never received this letter (*id.* at ¶¶ 126–31), he nonetheless vacated the wage garnishment order on February 28, 2018.[6]  *Id.* at ¶¶ 133, 135. Still, on March 29, 2019, Plaintiffs allege that Judge Kessler "fined" and ordered Malhan to pay Myronova's attorneys fees, totaling $9,231.12, which represented the litigation costs involving his alleged unpaid child and spousal-support payments.[7]  *Id.* at ¶ 138. As of April 12, 2021, the Family Court matter remained ongoing (ECF No. 123 at 2) (letter from Defendants, dated April 12, 2021, noting that "the state trial, which was well underway, will now continue")), and the parties have not provided the Court with any information to the contrary as of the date of this Opinion and Order.

### c. Procedural Background

Plaintiffs filed a second amended complaint ("SAC") on September 21, 2017. ECF No. 28. On May 30, 2018, this Court granted Defendants' motion to dismiss the SAC pursuant to Federal Rules of Civil Procedure 12(b)(1) and (b)(6). ECF No. 42. Plaintiffs subsequently appealed this Court's dismissal of the SAC (ECF No. 54) and, on September 18, 2019, the Third

---

[6] SpaceAge Consulting filed a lawsuit in this District in 2017—*SpaceAge Consulting v. Porrino, et al.*, No. 17-06299 (JLL) (the "2017 Garnishment Case"))—that similarly challenged the legality of Judge Kessler's wage garnishment order. Chief Judge Jose L. Linares subsequently dismissed the 2017 Garnishment Case. SpaceAge Consulting did not appeal that decision.
[7] Judge Katz presided over the case after Judge Kessler recused himself in June 2019. *Id.* at ¶¶ 149–50.

Circuit affirmed in part and reversed in part.[8]   *Malhan v. Sec'y United States Dep't of State*, 938 F.3d 453 (3d Cir. 2019).   On December 20, 2019, Plaintiffs filed the TAC.   ECF No. 62.

III.   **LEGAL STANDARD**

    **a. Rule 12(b)(1)**

A court must grant a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) if it lacks subject matter jurisdiction to hear a claim.   *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012).   A plaintiff bears the burden of establishing subject matter jurisdiction where a defendant files a Rule 12(b)(1) motion. *Gould Elec. Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000).   A plaintiff also bears the burden of establishing that its claims are not barred by sovereign immunity.   *See Young v. United States*, 152 F. Supp. 3d 337, 344–45, 345 n.5 (D.N.J. 2015).

When determining a Rule 12(b)(1) motion, "the court must start by determining whether [it is] dealing with a facial or factual attack to jurisdiction." *U.S. ex rel. Atkinson v. PA. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir. 2007).   When addressing a facial attack to jurisdiction, the court looks only at the allegations in the pleadings and does so in the light most favorable to the plaintiff.   *Id.* (citations omitted).   When addressing a factual attack, no presumptive truthfulness attaches to the plaintiff's allegations, and "it is permissible for a court to review evidence outside the pleadings."   *Id.* (citations omitted).   Here, Defendants "filed the attack before [they] filed any answer to the Complaint or otherwise presented competing facts. Their motion[s] [are] therefore, by definition, a facial attack."   *Silverberg v. City of Philadelphia*, No. 19-2691, 2020 WL 108619, at *3 (E.D. Pa. Jan. 8, 2020).

---

[8] The Third Circuit affirmed this Court's dismissal of Counts One, Three, and Four of the SAC. *Id.*  Counts Two, Five, and Six of the SAC were reversed on the grounds that the *Rooker-Feldman* and the *Younger* Abstention Doctrines were not applicable.  *Id.*

### b. Rule 12(b)(6)

To survive dismissal under Rule 12(b)(6), a complaint must meet the pleading requirements of Federal Rule of Civil Procedure 8(a)(2) and "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In evaluating the sufficiency of a complaint, a court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the non-moving party.  *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (citations omitted).  Ultimately, though, factual allegations must support a right to relief that is more than speculative.  *Twombly*, 550 U.S. at 555.  Indeed, a complaint "that offers 'labels and conclusions' or . . . tenders 'naked assertions' devoid of further factual enhancement," will not suffice.  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 545, 557).  Alternatively, a claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  The party seeking dismissal under Rule 12(b)(6) bears the burden of demonstrating that no claim upon which relief may be granted has been stated.  *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

## IV.    DISCUSSION

Defendants argue that dismissal of the TAC is warranted under Rules 12(b)(1) and 12(b)(6) on the grounds of *Res Judicata*, collateral estoppel, sovereign immunity, failure to identify private rights of action, and failure to state a claim.[9]

---

[9] To the extent that Plaintiffs seek preliminary injunctive relief in connection with the Family Court's rulings, such requests are denied because, as discussed below, Plaintiffs have failed to show a "likelihood of success on the merits."  *Bimbo Bakeries USA, Inc. v. Botticella*, 613 F.3d 102, 109 (3d Cir. 2010) (citations omitted).  And, even if Plaintiffs could show a likelihood of success on their claims, they have failed to show that they would suffer "irreparable harm" if their

### a.  Count One – Retaliation

In Count One of the TAC, Plaintiffs assert that Defendants fined Malhan $9,231.12, which allegedly constituted an "illegal retaliation for [Plaintiff] Malhan filing a meritorious complaint with the U.S. DOL and filing suit against Judge Kessler for issuing a Gag Order against Malhan." TAC at ¶¶ 178–87.  Plaintiffs seek a declaratory judgment that Judge Kessler's order violates federal law, an injunction against the State Defendants from enforcing the $9.231.12 fine, and damages totaling $9,231.12.  *Id.*  Defendants, however, argue that they are immune from the claims alleged against them and, to the extent that they are not, that Plaintiffs have nevertheless failed to state a claim for relief.[10]

Judges acting in their judicial capacity are ordinarily "absolutely immune (in both their individual and official capacities) from suit for monetary damages under the doctrine of judicial immunity."  *Montana v. Connor*, 817 F. Supp. 2d 440, 445 (D.N.J. 2011) (citing *Mireles v. Waco*, 502 U.S. 911 (1991)).  However, judicial immunity in damages suits can be overcome where a judge enters an order not "colorably" within the court's jurisdiction, *i.e.*, where the judge acts in "complete absence of all jurisdiction."  *Id*. at 446 (holding that a judge was immune from suit for barring a party's counsel from their courtroom) (citations omitted).  Here, Plaintiffs have presented no allegations that the Judicial Defendants acted in clear absence of all jurisdiction.  *Id.*  Rather,

---

requests were denied, as the Family Court's proceedings remain ongoing without final decisions as to the disputes at issue.  *Id.*; *see also Scholastic Funding Grp., LLC v. Kimble*, No. 07-557, 2007 WL 1231795, at *10 (D.N.J. Apr. 24, 2007) (quoting *Hoxworth v. Blinder, Robinson & Co.*, 903 F.2d 186, 197 (3d Cir. 1990)) (The Third Circuit "has placed particular weight on the probability of irreparable harm and the likelihood of success on the merits elements" of the standard governing preliminary injunctions, instructing that it will not "'sustain a preliminary injunction ordered by the district court where either or both of [those] prerequisites are absent.'").

[10] Plaintiffs bring the instant suit against Defendants in their official capacities.  *See generally* TAC.  Insomuch as Plaintiffs seek an injunction directing official action by Judge Kessler, the Court notes that he is now retired.

given Malhan's unpaid child and spousal support obligations, it was colorably within the Judicial Defendants' jurisdiction to order Malhan to pay Myronova's attorneys fees and costs.

Judicial immunity has also been extended to claims seeking injunctive relief against judges acting in their official capacity. *Richardson v. Wilkinsburg Police Dep't*, No. 16-0129, 2016 WL 4141084, at *5 (W.D. Pa. Aug. 4, 2016) (citing the Federal Courts Improvement Act of 1996 (42 U.S.C. § 1983 (2012)). To overcome judicial immunity with respect to injunctive relief, a litigant must allege that a declaratory decree was violated by the judge, or that declaratory relief was unavailable. *Azubuko v. Royal*, 443 F.3d 302, 304 (3d Cir. 2006). Here, Plaintiffs have failed to allege that a declaratory decree was violated or that declaratory relief was unavailable. Therefore, Plaintiffs' claims against the Judicial Defendants are barred for both damages and injunctive relief. *Id.*

The State Defendants also enjoy immunity for the damages claims against them. *Deal v. Velez*, 244 F. Supp. 3d 435, 442 (D.N.J. 2017) ("The Eleventh Amendment incorporates a general principle of sovereign immunity that bars citizens from bringing suits for damages against any State in federal court.") (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100–01 (1984)). Prospective injunctive relief, however, is available against the State Defendants as they are considered "persons" under § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71, n.10 (1989) ("Official-capacity actions for prospective relief are not treated as actions against the State.").

Setting aside any immunity defenses for the State Defendants, Plaintiffs have failed to state a claim for relief in Count One. Plaintiffs purport to bring their retaliation claim under the Declaratory Judgment Act. TAC at ¶¶ 178–87. Plaintiffs' claim under the Declaratory Judgment Act is not cognizable, however, because the Act does not create an independent basis for federal

jurisdiction.[11]  *Petmas Inv'rs Ltd. v. Sameiet Holbergs Gate 19*, No. 13-6807, 2014 WL 6886028, at *7 (D.N.J. Dec. 4, 2014) ("The [Act] is procedural only . . . and does not create an independent cause of action.") (citations omitted).  In addition, as with their previous complaints, Plaintiffs have failed to allege that Defendants violated any federal or state law in connection with their retaliation claim.  *See Cutler v. Pelosi*, No. 19-834, 2020 WL 529895, at *4 (E.D. Pa. Feb. 3, 2020) (dismissing plaintiff's "vaguely alleged" claim where there were no "facts giving rise to a private right of action").

**b.  Count Two – Disclosure of Confidential Bank Records and Levies of Bank Accounts**

In Count Two of the TAC, Plaintiffs claim that the State Defendants unlawfully disclosed Malhan's "confidential bank records" and levied his bank account in violation of 42 U.S.C. § 669a. TAC at ¶¶ 188–215.  Section 669a is entitled "Nonliability for financial institutions providing financial records to State child support enforcement agencies in child support cases." *Id.*

Section 669a(b) provides that "[a] State child support enforcement agency which obtains a financial record of an individual from a financial institution . . . may disclose such financial record only for the purpose of, and to the extent necessary in, establishing, modifying, or enforcing a child support obligation of such individual." *Id.*  Section 669a(c)(1) creates a private cause of action where "any person knowingly, or by reason of negligence, discloses a financial record of an individual in violation of subsection (b)." *Id.*  Section 669a(c)(2), however, creates an exception

---

[11] Insofar as Plaintiffs purport to bring any of their other claims under the Declaratory Judgment Act, those claims are similarly not cognizable so long as Plaintiffs have not identified a valid corresponding private right of action.

for liability under Section 669a(c)(1) for "any disclosure which results from a good faith, but erroneous, interpretation of subsection (b)." *Id.*

Defendants argue that Count Two warrants dismissal because Plaintiffs have failed to allege a disclosure of Malhan's financial information to a third party, "the one essential element of a such a claim." ECF No. 84-1, at 23 (hereinafter "Defs. Br."). Defendants also argue that Plaintiffs cannot establish liability under these provisions because "any disclosure here would have been as a result of court orders that had legal effect and had not been stayed or overturned by any court, [meaning that] any person making a disclosure would undeniably be doing so based on a good-faith belief that the disclosure was required by [Section 669a(c)(2)]." *Id.* at 5.

The Court finds that the TAC is devoid of any factual allegations regarding what, if any, financial information was improperly disclosed, who disclosed the financial information, and to whom the disclosure was allegedly made. Furthermore, even assuming *arguendo* that Defendants did disclose such information, these disclosures would have been directed pursuant to the enforcement of an order issued by Judge Kessler or Judge Katz and, therefore, incurred in good faith, preventing any ensuing liability. 42 U.S.C. § 669a(c)(2) (no liability for disclosures made in "good faith").

Insofar as Plaintiffs argue that Defendants are liable under Section 669a for levying Malhan's bank accounts, such contentions are unavailing. Section 669(a) only governs liability for unlawful financial disclosures. *Id.* (covering liability for "financial institutions providing financial records to State child support enforcement agencies in child support cases"). Thus, Section 669(a) does not apply to the imposition of any bank levies.

Moreover, Plaintiffs' claim that Defendants unlawfully imposed such bank levies under 42 U.S.C. 666(a)(17)(A) is likewise without merit. This provision merely provides for procedures

for states that enter into agreements with financial institutions doing business in those states. *Id.* It, therefore, does not act to restrict the use of bank levies in any manner that Plaintiffs allege. TAC at ¶ 203. Additionally, the text of Section 666(a)(17)(A) contains directives solely for state agencies, but not for private parties. *Id.* Thus, as Section 666(a)(17)(A) is intended to benefit states, and because it lacks "rights-creating" language for private parties, this provision does not create a private right of action.[12] *See, e.g.*, *Sheils v. Bucks Cty. Domestic Rels. Section*, 921 F. Supp. 2d 396, 403 (E.D. Pa. 2013) (noting that "the touchstone of the implied private right of action remedy inquiry is statutory intent") (citations omitted).

### c. Counts Three and Four – Adjustment of Malhan's Child Support

In Counts Three and Four of the TAC, Plaintiffs contend that Defendants violated Sections 654, 666(a)(10), and 667 of the Child Support Enforcement Act ("CSEA") by allegedly refusing to review and properly adjust Malhan's child support for more than five years.[13] TAC ¶¶ 216–43. In response, Defendants argue that Plaintiffs are barred from bringing these claims based on rulings at previous stages of this litigation.[14]

---

[12] The Court also notes that while Plaintiffs reference several miscellaneous federal regulations that supposedly require states to create procedures in connection with Family Court proceedings, Plaintiffs have failed to provide any case-law that suggests that a cause of action exists to challenge the lawfulness of the bank levies at issue pursuant to these regulations. In any event, in their opposition brief, Plaintiffs appear to concede that Count Two of the TAC solely involves causes of action related to the "disclosure of confidential bank records," and does not contain causes of action to address their grievances regarding these bank levies. Pls. Br. at 19.

[13] The CSEA covers 42 U.S.C. §§ 651–669b, and is incorporated into the Social Security Act as Title IV-D. *Com. of Pa., Dep't of Pub. Welfare v. U.S. Dep't of Health & Human Servs.*, 80 F.3d 796, 799 (3d Cir. 1996).

[14] While Defendants frame this argument under *Res Judicata* and collateral estoppel, the Court considers this argument under the law of the case doctrine. *Casilla v. N.J. State Prison*, No. 05-4590, 2008 WL 4003664, at *8 n. 5 (D.N.J. Aug. 22, 2008) (The "law of the case" doctrine, as opposed to *Res Judicata* or collateral estoppel, applies where a party seeks preclusion "based on th[e] Court's ruling in an earlier stage of the same case"); *see also Rezzonico v. H & R Block, Inc.*, 182 F.3d 144, 148 (2d Cir. 1999) ("*Res judicata* does not speak to direct attacks in the same case, but rather has application [only] in subsequent actions.").

The "law of the case" doctrine directs courts to generally refrain from re-deciding issues that were resolved earlier in the same litigation. *Smith v. TA Operating LLC*, No. 10-2563, 2011 WL 1256613, at *3 (D.N.J. Mar. 29, 2011) (citing *Pub. Interest Research Group of N.J., Inc. v. Magnesium Elektron Inc.*, 123 F.3d 111, 116 (3d Cir. 1997)).  The doctrine does not apply where: "(1) new evidence is available; (2) a supervening new law has been announced; or (3) the earlier decision was clearly erroneous and would create a manifest injustice." *In re City of Phila. Litig.*, 158 F.3d 711, 718 (3d Cir. 1998) (citations omitted).  The Supreme Court, however, has held that courts should be "loathe" to revisit prior rulings from the same case absent "extraordinary circumstances." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988).

Here, the claims asserted in Counts Three and Four of the TAC are identical to those asserted in Counts Three and Four of the SAC.  *Compare* TAC at ¶¶ 216–43 (Counts Three and Four) *with* SAC at ¶¶ 145–64 (Counts Three and Four).  In Count Three of both the TAC and SAC, Plaintiffs allege the State Defendants "are in violation of 42 U.S.C. 666(a)(10) [of the CSEA] by reason of the State's refusal to review and adjust Child Support Order for more than five years." *Id.*  Plaintiffs also seek declaratory relief under the Declaratory Judgment Act, arguing that by failing to review and adjust the child support awards, the State Defendants are in violation of 42 U.S.C. §§ 654, 666 and 667 of the CSEA. *Id.*  Further, in Count Four of both the TAC and SAC, Plaintiffs allege that the State Defendants violated Malhan's and his children's "right to Recalculation of support" provided for under 42 U.S.C. 666(a)(10) and 42 U.S.C. §§ 654, 666 and 667 of the CSEA, and seek injunctive relief pursuant to 42 USC § 1983.[15] *Id.*

---

[15] Plaintiffs reference 42 U.S.C. § 1984, but the Court understands Plaintiffs to rely on 42 U.S.C. § 1983 as 42 U.S.C. § 1984 is titled "Omitted" and contains no substantive text.

This Court previously dismissed these claims on the grounds that there is no private right of action under the provisions of the CSEA identified by Plaintiffs (Sections 654, 666(a)(10), and 667). ECF No. 42 at 15. Further, with respect to Plaintiffs' claims under the Declaratory Judgment Act, this Court held that the Act is procedural only and that it only creates a remedy, not a right. Plaintiffs appealed this Court's dismissal. ECF No. 54. The Third Circuit affirmed this Court's dismissal of both Counts Three and Four. *Malhan*, 938 F.3d at 457–65. Accordingly, because Plaintiffs' claims in Counts Three and Four have already been dismissed and there are no "exceptional circumstances" present to revisit this Court's findings, dismissal of these claims is warranted under the law of the case doctrine.

Law-of-the-case doctrine aside, the Court once again finds that Plaintiffs have failed to identify any private rights of action under Sections 654, 666(a)(10), and 667 of the CSEA, and that the Declaratory Judgment Act does not create an independent basis for federal jurisdiction.

Regarding Plaintiffs' claims under Sections 654 and 667—provisions that obligate state agencies to review their child support guidelines and establish procedures to collect and disperse child-support payments—they fail for two reasons. First, Plaintiffs have failed to identify the specific subsections within these provisions that supposedly confer a private right. *See Ass'n of New Jersey v. Horizon Healthcare Servs., Inc.*, No. 16-08400, 2017 WL 2560350, at *4 (D.N.J. June 13, 2017) (noting that the burden to establish a private right of action rests with the plaintiff). Second, federal courts have consistently held that Congress did not intend any subsections within these provisions to benefit individuals and, therefore, to contain a private right. *See, e.g.*, *Colbert v. Roling*, 233 F. App'x 587, 589 (8th Cir. 2007) ("Section 654 . . . does not focus on [] individual interests . . . [and therefore] does not establish an individual federal right under *Blessing [v. Freestone*, 520 U.S. 329 (1997)]."); *Sziladi v. Riverside Cty. Dep't of Child Support Servs.*, No.

17-02365, 2018 WL 4677514, at *6, n.2 (C.D. Cal. Aug. 29, 2018), *report and recommendation adopted sub nom.*, 2018 WL 4682332 (C.D. Cal. Sept. 26, 2018) ("[T]here is no private right of action under . . . 42 U.S.C § 654."); *Bowman v. Morris*, No. 19-97, 2019 WL 5150196, at *4 (N.D.N.Y. Apr. 10, 2019), *report and recommendation adopted*, 2019 WL 3759174, at *11 (N.D.N.Y. Aug. 9, 2019) ("[N]o private right of action is available to Plaintiffs to enforce § 667 by way of § 1983.") (citations omitted).

Correspondingly, Plaintiffs have failed to identify a private right under Section 666(a)(10), which requires that states review and adjust support orders, as this provision is directed towards states—not individuals—for purposes of improving child-support administration and lessening the need for public assistance. *Consumer Advocates Rights Enf't Soc'y, Inc. v. State of Cal.*, No. 05-01026, 2005 WL 3454140, at *3 (N.D. Cal. Dec. 16, 2005). Thus, because Congress also did not intend for Section 666(a)(10) to benefit individuals, it does not create a private right of action. *Taylor v. Montgomery Cty., Ohio Child Support Enf't Agency*, No. 18-272, 2019 WL 2026748, at *1 (S.D. Ohio May 8, 2019), *report and recommendation adopted*, 2019 WL 3891890 (S.D. Ohio Aug. 16, 2019); *Woodroffe v. Coffin*, No. 18-3023-23, 2019 WL 4718965, at *8 (M.D. Fla. June 27, 2019), *report and recommendation adopted*, 2019 WL 4694736 (M.D. Fla. Sept. 26, 2019) (same); *Sziladi*, 2018 WL 4677514, at *6, n.2 (same); *Sheils*, 921 F. Supp. 2d at 416 (same); *see also Parker v. Greenwood et al.*, No. 20-CV-5334, 2021 WL 978900, at *5 (E.D. Pa. Mar. 15, 2021) ("§ 666 does not create an individual right and, thus, is not enforceable under § 1983.").

Accordingly, dismissal of Counts Three and Four of the TAC is warranted as Plaintiffs have failed to identify any cognizable private right of action to bring their claims.

### d.  Count Five – Due Process

In Count Five of the TAC, Plaintiffs bring a procedural due process claim and seek declaratory relief against the State Defendants for allegedly "refusing to permit or consider counterclaims and offsets to the alleged child or spousal support." TAC at ¶¶ 244–54. Defendants, on the other hand, argue that dismissal of Plaintiffs' claims in Count Five is warranted because the Family Court proceedings are "ongoing," and the Family Court has repeatedly advised that "adjustments as to the parties' financial obligations (which would include child support) will be part of a final judgment to be rendered after the present trial is completed." Defs. Rep. at 10; TAC at ¶¶ 20, 33, 42, 46 (evidencing that the core issues relating to Malhan's child and spousal-support claims remain ongoing in Family Court).

As far as the Court is aware, Plaintiffs have failed to receive a final adjudication in Family Court on the counterclaims and offsets at issue. *Knute Enters., Inc. v. Dupont Borough*, No. 06-01978, 2007 WL 2844952, at *4 (M.D. Pa. Sept. 26, 2007) (finding that "Plaintiffs have failed to receive a final adjudication," *i.e.*, that plaintiffs still had an opportunity to litigate their claims, and consequently holding that plaintiffs "fail[ed] to satisfy the finality requirement for a procedural due process claim"); *see also Dice v. City of Grand Coulee,* No. 11-296, 2012 WL 4793718, at *5 (E.D. Wash. Oct. 9, 2012) (dismissing procedural due process claim where plaintiff failed to demonstrate that they were denied an opportunity to address their grievances before a government body as "any type of administrative or judicial review" of the government's decisions were not final); *Save Ardmore Coal. v. Lower Merion Twp.*, 419 F. Supp. 2d 663, 676 (E.D. Pa. 2005) (holding that plaintiff failed to allege a procedural due process violation where defendants still planned to provide plaintiffs with "the opportunity for a full factual adversarial hearing"). Thus,

Plaintiffs' procedural due process claim is not cognizable as they have failed to demonstrate a "final" decision. *Id.*

### e. Count Six – Garnishment

Finally, in Count Six of the TAC, Plaintiffs seek declaratory and injunctive relief against the State Defendants for their alleged "illegal garnishment" of Malhan's wages in violation of the CSEA, 45 C.F.R. § 303.100, and the Consumer Credit Protection Act ("CCPA"), 15 U.S.C. § 1673.[16]  TAC at ¶¶ 255–92.

Inasmuch as Plaintiffs attempt to bring their claims in Count Six under the Declaratory Judgment Act, those claims fail because, as noted above, the Act does not create an independent basis for federal jurisdiction. *Malhan*, 938 F.3d at 457–65.  Additionally, Plaintiffs' claims under the CSEA fail as they have not identified any specific *provisions* within this statute that they purport to bring their claims under.  *See Horizon Healthcare Servs.*, 2017 WL 2560350, at *4 (plaintiff bears the burden to establish a private right of action).   Moreover, to the extent that Plaintiffs intend to bring their CSEA claims under Sections 654, 666(a)(10), and 667, those claims fail for the reasons described above.  Plaintiffs also identify 45 C.F.R. § 303.100 as a possible claim, but this regulation is intended to create a "yardstick" for the Secretary of Health and Human Services to measure the system-wide performance of a State's Title IV-D program and, therefore, it does not create a private right of action.  *Myers v. Sara Lee Corp.*, No. 08-1421, 2009 WL 10706711, at *5 (E.D.N.Y. Apr. 13, 2009) (citing *Blessing*, 520 U.S. at 342–43); *see also Brinkley*

---

[16] Plaintiffs also make a vague reference to 45 C.F.R. 302.70(a) in Count Six to assert that Defendants' "illegal garnishment" of Malhan's wages was prohibited.  TAC at ¶ 283. 45 C.F.R. § 302.70(a), however, merely provides for states to implement *procedures* concerning child support proceedings and does not bar the garnishment of wages in any fashion that Plaintiffs allege.  *Id.*; *see also Tauro v. Allegheny Cty.*, No. 09-0354, 2009 WL 4262977, at *6 (W.D. Pa. Nov. 24, 2009) (discussing how 45 C.F.R. § 302.70(a) implicates state child-support "*procedure[s]*") (emphasis added).

*v. Hill*, 981 F. Supp. 423, 440–41 (S.D.W. Va. 1997) (The language of 45 C.F.R. § 303.100 "is far removed from that which, under the proper analysis, can be said to create rights").  Finally, Plaintiffs point to Section 1673 of the CCPA as a potential basis for liability, but this provision, which was not intended to benefit individuals, similarly does not provide a private cause of action.[17]  *Flax v. Delaware Div. of Family Servs.*, No. 03-922, 2008 WL 1758857, at *11 (D. Del. Apr. 16, 2008), *aff'd sub nom.*, 329 F. App'x 360 (3d Cir. 2009) (citations omitted); *see also Sheils*, 921 F. Supp. 2d at 414, n.31 ("[T]here is no . . . private right of action under the garnishment provisions . . . of the Consumer Credit Protection Act [Section 1673].").  Accordingly, dismissal of Count Six of the TAC is warranted.

## V.   CONCLUSION

For the reasons stated above, Defendants' motion to dismiss (ECF No. 84) is granted.  An appropriate Order accompanies this Opinion.

---

[17] In the 2017 Garnishment Case brought by SpaceAge Consulting, Judge Linares similarly found that 45 C.F.R. § 303.100 and Section 1673 of the CCPA do not contain "private right[s] of action." *Id.* at 9.  SpaceAge Consulting did not appeal Judge Linares's decision, and, consequently, Defendants argue here that Count Six is precluded (Defs. Br. at 15).

This Court need not reach the issue of preclusion, however, because, as discussed above, this Court independently finds that Plaintiffs have failed to assert a cognizable private right of action regarding any of the federal provisions identified in Count Six, including 45 C.F.R. § 303.100 and Section 1673 of the CCPA.  Nevertheless, the Court notes that preclusion appears applicable to Plaintiffs' claims in Count Six concerning the question of liability under 45 C.F.R. § 303.100 and Section 1673 of the CCPA.  Specifically, the 2017 Garnishment Case: (1) ended with a final judgment on the merits that rested on multiple grounds aside from *Rooker-Feldman* and *Younger*, (2) involved the same parties or their privies, and (3) arose out of the same transaction or occurrence at issue here, *i.e.*, whether the State Defendants can lawfully garnish Malhan's wages.  Further, preclusion is ultimately meant to "promote[] judicial economy and protect[] defendants from having to defend multiple identical or nearly identical lawsuits," and, given the lengthy history of litigation involving essentially the same claims brought by Plaintiffs, the doctrine's applicability here in this limited respect is appropriate.  *See Morgan v. Covington Twp.*, 648 F.3d 172, 177 (3d Cir. 2011), *as amended* (Aug. 11, 2011).

**DATED**:  September 30, 2021

_____
CLAIRE C. CECCHI, U.S.D.J.